**Jimmy Lee RIGGINS, Petitioner–
Appellant,**

v.

**Kenneth R. McGINNIS, Respondent–
Appellee.**

No. 94–3041.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 1995.

Decided March 24, 1995.

Rick Halprin, Jerry B. Kurz, Hall & Kurz, Kent R. Carlson (argued), Chicago, IL, for petitioner-appellant.

Michael A. Hurst (argued), Office of Atty. Gen., Criminal Appeals Div., Chicago, IL, Margaret M. O'Connell, Office of State's Atty. of Dupage County, Wheaton, IL, for respondents-appellees.

Before FLAUM and EASTERBROOK, Circuit Judges, and CRABB, District Judge.*

EASTERBROOK, Circuit Judge.

Jimmy Lee Riggins is among the hundreds of persons convicted of murder under a set of pattern jury instructions that *People v. Reddick*, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988), held to embody a mistaken understanding of the relation between the elements of murder and manslaughter in Illinois law. *Reddick* came down shortly after Riggins was convicted. He asked the state's appellate court to reverse on the basis of *Reddick*; that court affirmed, deeming the error harmless. Riggins then turned to the federal courts, urging that his conviction violated the due process clause in light of *Falconer v. Lane*, 905 F.2d 1129 (7th Cir.1990), which took *Reddick* to establish a constitutional rule. He lost again: the district judge concluded that by arguing his state appeal in terms of *Reddick* and state law rather than *Falconer* and the due process clause, Riggins had not fairly presented his constitutional claim to the state court, barring its consideration on collateral review in federal court. 859 F.Supp. 309 (N.D.Ill.1994).

 Failure to alert the state court to the constitutional foundation of a claim usually means failure to exhaust state remedies; the federal court remains open after the prisoner has presented his contentions to the state. But if the state treats inadequate development of a claim as waiver, then a defendant's omission activates the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and the claim is forever barred unless the defendant can establish cause and prejudice. *Barrera v. Young*, 794 F.2d 1264 (7th Cir.1986). Illinois treats inadequate argument as forfeiture, and it also sets a time limit on collateral attack that bars any effort by Riggins to return to state court. 725 ILCS 5/122–1. So Riggins lacks available state remedies and has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). Collateral review in federal court remains out of reach unless the district court erred in thinking that Riggins neglected to alert the state court to his constitutional argument, or Riggins can show cause and prejudice.

The district court observed that Riggins's appellate brief did not cite *Falconer*: "devoting five pages ... to challenging the jury instructions, Riggins cited only state cases which were decided before the *Falconer* decision." 859 F.Supp. at 315. This does not surprise us, because not only his brief but also his petition for rehearing were filed before we issued *Falconer*. To cite a particular federal case may be to advance the principle for which it stands—although a state court may require the litigant to explicate that principle to make the argument intelligible. Omitting the best citation is not necessarily the same as omitting the best argument. *Elder v. Holloway*, —— U.S. ——, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994); cf. *Lebron v. National Railroad Passenger Corp.*, —— U.S. ——, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995). What is essential, however, is that the state court "be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that [a] ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only

---

* Hon. Barbara B. Crabb, Chief Judge of the United States District Court for the Western District of Wisconsin, sitting by designation.

in federal court, but in state court." *Duncan v. Henry*, —— U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). See also *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Riggins's brief not only omits a citation to *any* case decided by a federal court but also expresses his argument in the terms of *Reddick* itself: that the pattern jury instructions misstate the law of Illinois. Arguments based on state law are some distance from arguments based on the Constitution, because, "[o]utside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to a federal constitutional error. To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief." *Gilmore v. Taylor*, —— U.S. ——, ——, 113 S.Ct. 2112, 2117, 124 L.Ed.2d 306 (1993).

*Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir. 1992), holds that the gap between the rationale of *Reddick* and the foundation of a due process argument is sufficiently great that the invocation of *Reddick* does not fairly present a constitutional claim to the state court. The state's appellate court perceived Riggins's argument as one resting on state law and addressed it that way. When it denied rehearing four months after we issued *Falconer*, it amended its opinion to discuss the issue at greater length but still did not perceive any constitutional implications in Riggins's contentions. *People v. Riggins*, 205 Ill.App.3d 904, 912, 151 Ill.Dec. 145, 150, 564 N.E.2d 122, 127 (1st Dist.1990). Riggins seeks to distinguish *Verdin* by pointing to the words "due process" in his appellate brief. At the conclusion of the *Reddick* argument there appears this citation: "*see People v. Pegram*, 152 Ill.App.3d 656, 660, 105 Ill. Dec. 673, 678, 504 N.E.2d 958, 963 (1st Dist. 1987) (defendant has due process right to have jury instructed on elements of the crime and burden of proof)". Let us assume (what is doubtful after *Duncan* ) that this parenthetical expression should have alerted the state court to a contention that any error of state law in the jury instructions defining the elements of the offense also violates the Constitution of the United States. Such a contention, however well preserved, does Riggins no good because the Supreme Court of the United States sees the law differently. E.g., *Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874, 79 L.Ed.2d 29 (1984); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). En route to holding that *Falconer* may not be applied retroactively, the Supreme Court considered and rejected a similar claim: "such an expansive reading of our cases would make a nullity of the rule reaffirmed in *Estelle v. McGuire*, *supra*, that instructional errors of state law generally may not form the basis for federal habeas relief." —— U.S. at —— – ——, 113 S.Ct. at 2118–19. What Riggins needed to present to the state court is a constitutional claim with some chance of success—for example, the view adopted by the panel in *Taylor v. Gilmore*, 954 F.2d 441, 448–50 (7th Cir.1992), reversed, —— U.S. ——, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993), that the Illinois pattern jury instructions were too vague to lead to a reliable decision, or the view adopted by *Thomas v. Peters*, 48 F.3d 1000, 1005–06 (7th Cir.1995), that the overlap in the definition of murder and manslaughter under the pre-*Reddick* jury instructions could lead jurors to choose arbitrarily between these offenses. It is not enough to scatter the words "due process" in a brief: counsel must sketch an argument about *why* the conviction violates that clause, and the only constitutional argument to which Riggins's brief alludes does not hold water. "Due process" is such a ductile concept that phrase-dropping is the equivalent of no argument at all. Cf. *United States v. Agurs*, 427 U.S. 97, 106–07, 96 S.Ct. 2392, 2398–99, 49 L.Ed.2d 342 (1976). A lawyer need not develop a constitutional argument at length, but he must make one; the words "due process" are not an argument.

Riggins is not alone in groping for a means to put the Constitution behind the holding of *Reddick*. Our initial efforts did little more than say that an error of state law in defining the elements of an offense necessarily violates the due process clause. See *Rose v.*

*Lane,* 910 F.2d 400 (7th Cir.1990), and *Fleming v. Huch,* 924 F.2d 679 (7th Cir.1991), in addition to *Falconer* itself. Our opinions in *Taylor* and *Flowers v. Illinois Department of Corrections,* 962 F.2d 703, 705 (7th Cir.1992), vacated, —— U.S. ——, 113 S.Ct. 2954, 125 L.Ed.2d 656 (1993), recognized that the equation of state and federal errors is incorrect, a conclusion the Supreme Court reiterated in *Taylor.* Our opinion in *Taylor* changed the ground to excessive vagueness. The Justices replied that the pattern jury instructions satisfied the standard of *Boyde v. California,* 494 U.S. 370, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990), and like cases. See —— U.S. at ——, 113 S.Ct. at 2118. *Thomas* recently adopted a new rationale: that the overlapping elements of the offenses of murder and manslaughter under the old instructions place jurors "in an impossible situation" (*Thomas,* 48 F.3d at 1005) and "make a jury's decision whether to convict for murder or manslaughter purely arbitrary, or worse, driven by impermissible considerations such as the defendant's race, decision to testify in his own defense, prior convictions, or other such irrelevant factors." *Id.* Riggins sees this shifting ground as his salvation: surely if the United States Court of Appeals for the Seventh Circuit can't decide what is really wrong with the pre-*Reddick* instructions, he has good "cause" for not articulating the claim correctly and suffered "prejudice" from the shortcoming.

There might be something to this assessment if Riggins had framed his contentions in *Falconer*'s terms, only to have later decisions pull the rug out from under him. He did not do that. He did not present to the state court the sort of argument that persuaded the panel in *Falconer.* "Cause" means an impediment external to the defense. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Lack of the tools for constructing a constitutional argument might be "cause," see *Reed v. Ross,* 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), but Riggins could have cited the same cases and made the same arguments as Falconer himself did. *Falconer, Taylor,* and *Thomas* all have found support in decisions long predating Riggins's opening brief in state court. *Taylor* indeed went out of its way to establish that every ingredient of the constitutional apparatus predates *Falconer,* for that was the key to *Falconer*'s retroactive application under *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989). See also *Caspari v. Bohlen,* —— U.S. ——, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). The Supreme Court was not persuaded, but it did not suggest that defense lawyers would have been unable to construct any argument at all from decisions predating 1990. Riggins therefore lacked "cause" for his omission in state court, and it is unnecessary to consider whether he suffered "prejudice."

The questionable stability of the ground under *Falconer* may suggest that there is a problem in its holding. Perhaps Riggins's appellate lawyer presented the argument in exactly the right terms: the instructions were deficient under state law. At least one judge of this court thinks that *Reddick* rests on state law and nothing but. See *Thomas,* 48 F.3d at 1008–11 (concurring opinion); *Flowers,* 962 F.2d at 707–12 (concurring opinion). The Supreme Court's unenthusiastic treatment of the substantive arguments in *Taylor* may be dictum (as the majority in *Thomas* thought) but cannot be overlooked. The rationale newly born in *Thomas* may or may not be more enduring than the rationales of *Falconer* and *Taylor.* What is certain is that Riggins did not furnish the state court with any plausible constitutional rationale, and he is therefore disentitled to collateral review in federal court.

AFFIRMED.