**UNITED STATES of America ex rel.
Gerald REDDING, Petitioner,**

**v.**

**Salvador GODINEZ, Respondent.**

**No. 94 C 3854.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 28, 1995.

Gerald Redding, Joliet, IL, pro se.

Steve Zich, Arleen C. Anderson, Illinois Attorney General's Office, Chicago, IL, for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Petitioner Gerald Redding brings this action against respondent Salvador Godinez ("the State"), seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that his present incarceration is in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. For the reasons set forth below, the petition is denied in its entirety.

### I. Background

The following facts are undisputed. During an argument with his girlfriend in May 1988, Redding stabbed her with a butcher knife and killed her. At the time the couple had been fighting about the victim's sexual relationships with other men. Redding later surrendered to police, and confessed to the killing. At trial Redding testified that he was "highly upset" at the time of the stabbing because the victim was taunting him about her sexual relations with other men, and defense counsel argued that the stabbing occurred in a "heat of passion." Record, at 312, 390. However, the jury convicted Redding of first degree murder, and he was sentenced to fifty years in prison. On direct appeal Redding did not challenge the conviction, but only argued that the trial judge abused his discretion in sentencing him to fifty years incarceration. The Appellate Court affirmed, finding that in light of Redding's prior criminal history and the serious nature of the offense, the trial judge did not abuse his discretion. Petitioner sought leave to appeal this decision, but the Illinois Supreme Court denied this request.

Redding then filed a post-conviction petition with the trial court, claiming that trial counsel was ineffective because he spent in-

adequate time with him before the case, and did not adequately educate Redding on the possibility of being convicted of second degree murder. This post-conviction petition was summarily denied, and Redding appealed that decision. The Illinois Appellate Court affirmed the denial of post-conviction relief, finding that petitioner had testified consistently with a "heat of passion" defense and failed to demonstrate how he would have testified differently had he better understood this defense. The Illinois Supreme Court denied leave to appeal this decision.

## II. Discussion

Redding asserts the following claims in his habeas corpus petition: (1) he was denied effective assistance of trial counsel, appellate counsel and post-conviction counsel, all in violation of the Sixth and Fourteenth Amendments, (2) his arrest, and the evidence obtained by the authorities subsequent to his arrest, were procured in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments, (3) the prosecution's failure to turn over exculpatory evidence prior to trial constituted a violation of the Sixth and Fourteenth Amendments, (4) his fifty year sentence amounted to cruel and unusual punishment in contravention of the Eighth and Fourteenth Amendments, (5) the denial of post-conviction counsel's motion to withdraw violated Redding's right to due process, and (6) the inadequate library facilities at Stateville Correctional Center have denied him meaningful access to the courts. We first address whether Redding is procedurally bared from raising any of these issues, and then discuss the merits of any issues properly before us.

### A. Procedural Default[1]

 Habeas corpus petitioners are precluded from raising claims and issues which have been procedurally defaulted in the state courts—ie., claims that were rejected by the state courts pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 2553–54, 115 L.Ed.2d 640 (1991). Pro-

cedural default generally occurs (1) when a petitioner pursues all of his state court appeals, but fails to raise federal claims until he files a federal petition, *see Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993), or (2) when a petitioner fails to pursue all of his state appeals in a timely manner. *See Coleman,* 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n. 1; *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir.1993). Where a federal claim is procedural defaulted pursuant to an independent and adequate state rule, "federal habeas review of the claim[ ] is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565; *see also Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

 Redding claims that, after turning himself in, he was not immediately presented to the judge who issued his arrest warrant, and therefore his arrest and the use of subsequently obtained evidence violated his Fourth Amendment rights. However, as these claims were not raised in his direct appeal or post-conviction petition, they cannot now be raised in his federal habeas petition. Moreover, even if these claims were not procedurally defaulted, they are not cognizable in a habeas petition. If the state courts provide a full and fair opportunity to litigate Fourth Amendment claims, then such claims cannot be presented in a subsequent federal habeas corpus petition. *Stone v. Powell,* 428 U.S. 465, 485–86, 96 S.Ct. 3037, 3048–49, 49 L.Ed.2d 1067 (1978). To determine whether *Stone* prevents petitioner from raising these claims, we evaluate whether, in the abstract, the state provides an opportunity to present Fourth Amendment claims, and whether the actual presentation of these claims was frustrated by that mechanism. *United States ex rel. Bostick v. Peters,* 3 F.3d 1023, 1027 (7th Cir.1993). In the ab-

---

1. Because petitioner has exhausted all of his state remedies as required by 28 U.S.C. § 2254(b), we dispatch with a discussion of this prerequisite and move directly to the issue of procedural default.

stract Illinois clearly provides an opportunity to raise Fourth Amendment claims, and there is no indication that in this case the mechanism failed to provide Redding with such an opportunity. *See Bostick*, 3 F.3d at 1027 (fact that petitioner failed to raise and preserve his claim in state court does not indicate that he was denied an opportunity for its full and fair litigation).[2] Accordingly, petitioner's Fourth Amendment claims based on his arrest are denied.

■■■ Similarly, several of petitioner's allegations in support of his claims of ineffective assistance of counsel are also procedurally defaulted. Redding did not argue on direct appeal or in his post-conviction petition that his trial counsel failed to adequately investigate the facts of the case, interview relevant witnesses, uncover evidence of the victim's arrest record, protect his right to a jury trial, file pretrial and post-trial motions, and object during trial. Rather, the only claim of ineffective assistance of trial counsel that Redding raised in his post-conviction petition was his allegation that counsel failed to meet with him privately and sufficiently explain to him the "heat of passion" defense. Moreover, his contention that this bar should be excused because of ineffective appellate counsel is meritless.[3] Appellate counsel is not ineffective by refusing to raise every possible argument on appeal. *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667–68, 91 L.Ed.2d 434 (1986). Rather, the failure to present an issue on appeal will constitute cause only when counsel's performance falls below an objective standard of reasonableness. *Kurina v. Thieret*, 853 F.2d 1409, 1413 (7th Cir.1988), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1544, 103 L.Ed.2d 848 (1989). In other words, only when "appellate counsel failed to present significant and obvi-

ous issues on appeal. . . . [and the] ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* at 1417 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986)). The issues raised by Redding were neither significant, nor clearly stronger than the one issue actually presented in his post-conviction petition.

■■■ Nor can petitioner contend that he was actually prejudiced by these omissions, as his claims of ineffective trial counsel are meritless. First, Redding contends that his lawyer failed to investigate the facts of the case and interview witnesses. Yet there were few disputed facts, and very little testimony in conflict, so trial counsel's failure to investigate or interview witnesses was not required. Moreover, Redding fails to tell us what additional investigation or interviews would have uncovered, and therefore cannot claim that he was prejudiced from any alleged inaction by his attorney. *See Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990), *cert. denied*, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991). Second, petitioner claims that trial counsel should have discovered that the victim had been arrested one month prior to the offense for assaulting Redding.[4] However, Redding's "heat of passion" defense was based not on any physical aggressiveness by the victim, but on her verbal attacks. Consequently, her prior arrest had nothing to do with Redding's "heat of passion" defense, and counsel's failure to discover it could not have prejudiced him. Third, petitioner's claim that trial counsel caused an unknowing waiver of his right to a jury trial is nothing less than bizarre, since he received a jury trial. Finally, petitioner does not indicate what pretrial and post-trial

2. Finally, we note that petitioner can only allege that his arrest violated state law, as there is no federal law mandating an immediate hearing upon the arrest of a suspect pursuant to a warrant. Petitioner's citation to *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), is inapposite, as this case only deals with the warrantless arrest of a suspect.

3. Petitioner also argues that his claims should be heard by us because his post-conviction counsel was ineffective. However, there is no constitutional right to counsel in a collateral attack upon

a criminal conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Accordingly, petitioner cannot contend that ineffective post-conviction counsel is sufficient cause to overcome a procedural bar. *Coleman*, 501 U.S. at 752–53, 111 S.Ct. at 2566–67; *see Lostutter v. Peters*, 50 F.3d 392, 396 (7th Cir.1995).

4. Redding also raises a separate *Brady* claim based on the prosecution's failure to turn over this same information. We dispose of this claim below.

motions should have been filed, or what objections should have been made. Redding cannot prevail on a claim of ineffective assistance simply by alleging a general lack of activity on the part of his attorney; rather, he must point out specific instances of malfeasance. Accordingly, as petitioner has defaulted these claims of ineffective assistance of trial counsel, and failed to demonstrate cause for the default and prejudice resulting therefrom, they are denied.[5]

■ We next address Redding's contention that the State's failure to turn over evidence of the victim's prior arrest record constituted a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See also Kyles v. Whitley,* —— U.S. ——, —— – ——, 115 S.Ct. 1555, 1565–69, 131 L.Ed.2d 490 (1995). However, petitioner failed to raise this claim either on direct appeal or in his post-conviction petition, and therefore it was defaulted. Regardless, the complained of conduct did not violate Redding's constitutional rights, as the prosecution was only obligated to turn over "material" evidence—that is, evidence which if presented would have created a reasonable probability of a different result in the proceeding. *See Kyles,* —— U.S. at —— – ——, 115 S.Ct. at 1565–66. Here, the evidence in question—that the victim had attacked Redding just one month prior to the murder— would not have assisted him in his defense because Redding did not contend that he stabbed his girlfriend in response to physical aggression on her part. Rather, he only claimed that she provoked his anger by taunting him about her sexual relations with other men. Because there is no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," *United*

*States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985) (opinion of Blackmun, J.), Redding's *Brady* claim is denied.

■ Petitioner also raises for the first time an Eighth Amendment challenge to his fifty-year sentence.[6] Again, his only excuse for failing to present this issue to the state courts is ineffective appellate counsel. As with his other defaulted claims, he cannot overcome the high burden of demonstrating that his attorney's performance fell below constitutional standards. The failure to raise every possible theory on appeal does not necessarily constitute ineffective assistance. *Kurina,* 853 F.2d at 1417. Moreover, the fifty-year sentence imposed by the trial judge for first degree murder did not violate the proscription of the Eighth Amendment, *cf. United States ex rel. Villa v. Fairman,* 810 F.2d 715, 717 (7th Cir.1987), and thus petitioner cannot demonstrate prejudice.

■ Petitioner also contends that he was denied due process of law because post-conviction counsel's motion to withdraw (based on the fact that he would have to attack another public defender's performance) was denied. Respondent asserts that this claim is procedurally barred, as this issue was not raised in Redding's petition for leave to appeal the denial of post-conviction relief to the Illinois Supreme Court. We agree that this issue was defaulted, and petitioner cannot claim ineffective assistance of post-conviction counsel as cause. *Coleman,* 501 U.S. at 752–53.

■ Finally, Redding challenges the State's operation of the law library at Stateville, arguing that the inadequate facilities prevented him from filing an adequate post-

---

5. Petitioner also raises an independent claim of ineffective assistance of appellate counsel based on these omissions. Because this claim was presented for the first time in his habeas corpus petition, respondent contends that he is barred from raising it. However, petitioner was represented by the same attorney in both his direct appeal and his post-conviction proceedings, thereby justifying his omission of this claim until the instant petition. Regardless, as discussed above, these claims of ineffective assistance of appellate counsel are meritless, and therefore are denied.

6. Although Redding attacked his sentence on direct appeal, he only challenged it under state law and did not raise the federal constitutional grounds. As he did not present this federal theory to the state courts, he cannot claim that the issue was preserved for habeas review. *See Duncan v. Henry,* —— U.S. ——, ——, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); *Riggins v. McGinnis,* 50 F.3d 492, 493–94 (7th Cir.1995).

conviction petition. This claim was not raised on appeal of his post-conviction petition, and as discussed above, he cannot blame this default on ineffective post-conviction counsel. *See id.* Accordingly, this claim is denied.[7]

## B. Ineffective Assistance of Trial Counsel

■■■ Only one portion of Redding's petition survives our discussion of procedural default: his contention that trial counsel failed to adequately prepare him for trial and meet with him privately. In order to prevail on this claim, petitioner must demonstrate that his public defender's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Redding can only satisfy the first prong of this test if he demonstrates that counsel's errors were so egregious as to have deprived him of the "counsel" guaranteed by the Sixth Amendment. *Id.* In order to show prejudice, petitioner must prove that this complained of conduct rendered the proceeding "fundamentally unfair or unreliable." *Lockhart v. Fretwell,* 506 U.S. 364, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). In analyzing petitioner's claim of ineffectiveness, we must engage in the strong presumption that trial counsel's performance fell within the wide range of professional competence and that the original verdict was reliable. *United States ex rel. Partee v. Lane,* 926 F.2d 694, 700–01 (7th Cir.1991), *cert. denied,* 502 U.S. 1116, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992).

The facts at issue in petitioner's trial were clear and simple. Some time after a stormy breakup Redding went to the house where his girlfriend was staying, and during an argument stabbed her with a butcher knife. Although he left the scene immediately after the stabbing, Redding turned himself in soon afterwards and confessed to the killing. Petitioner claimed at trial (and his lawyer argued in closing) that the stabbing was committed in the heat of passion. But now he argues that trial counsel failed to properly inform him about the defense, thereby leading him to downplay his anger in his testimony. However, at trial Redding testified that he was "highly upset" at the time of the stabbing because of the victim's taunting him about the other men she had slept with. Record, at 312. And while the prosecution tried to get Redding to admit on cross-examination that he was calm just prior to the confrontation, Redding stuck to his story and testified that he was upset. Record, at 334. Indeed, Redding does not indicate how his testimony would have differed had he been more thoroughly informed about the contours of the "heat of passion" defense, and admits that he testified truthfully on the stand. Based on the record before us we cannot conclude that counsel failed to properly educate petitioner about his defense, or that Redding would have testified differently had he been better instructed.

Petitioner also argues that counsel was ineffective because he only spent a total of sixty-five minutes with him prior to trial, and failed to meet with him privately to discuss the case, preferring short discussions in the lock-up with other defendants were present. As discussed above, we fail to see how the length of the meetings altered Redding's defense, since defendant testified truthfully and consistently with his defense. Moreover, it is settled law that no minimum number of meetings or period of time is required in order for counsel to provide reasonably effective representation. *See United States v. Goad,* 44 F.3d 580, 590 n. 18 (7th Cir.1995) ("We note that the amount of time an accused has to consult with his attorney is of itself not an important consideration."); *United States v. Olson,* 846 F.2d 1103, 1108 (7th Cir.), *cert. denied,* 488 U.S. 850, 109 S.Ct. 131, 102 L.Ed.2d 104 (1988). Here, most of the facts in the case were undisputed, and the sole issue for the defense to present was whether Redding was provoked.

---

7. Moreover, this claim appears inappropriate in the instant case, since § 2254 petitions may only raise claims that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In-

stead, a prisoner's objections to the conditions of his confinement are more properly brought in a Section 1983 action. *See Nelson v. Murphy,* 44 F.3d 497, 499 (7th Cir.1995).

**952**

Although we do not condone such limited contact with a defendant facing charges of first degree murder, we cannot conclude that Redding was denied the reasonably effective counsel guaranteed by the Sixth Amendment. Accordingly, petitioner's claim of ineffective assistance of trial counsel is denied.[8]

### III. Conclusion

For the reasons set forth above, Redding's petition for habeas corpus is denied.

It is so ordered.

---

**8.** Redding also makes a passing reference to trial counsel's failure to investigate potential mitigation evidence. However, he fails to indicate what evidence would have been discovered had a better investigation been done. Because Redding fails to indicate what evidence counsel should have presented, he cannot claim that counsel's failure to investigate constituted ineffective assistance. *See Bassette*, 915 F.2d at 940–41.