74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry WALLS, Petitioner-Appellant,
v.
Odie WASHINGTON, Respondent-Appellee.
 No. 95-1262.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 18, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 An Illinois jury convicted Larry Walls of murder. After fully exhausting his direct and post-conviction state court remedies, Walls brought the present action in federal district court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, claiming that he was denied due process by the trial court's defective jury instructions, and that he was denied effective assistance of counsel at trial and on appeal. The district court denied the petition, and Walls appeals. We affirm.
 
 I[1]
 
 2
 On June 21, 1986, Larry Walls and Randy Garcia were drinking on the sidewalk outside a bar and liquor store. They began to argue. Three eyewitnesses observed Walls as he pulled out a kife, chased Garcia around a car, and fatally stabbed him twice in the groin.
 
 
 3
 Walls later denied all recollection of the stabbing but acknowledged to police that he had been carrying a knife. At trial, he presented evidence relating to defenses of sudden and intense passion caused by provocation and of self-defense based on unreasonable belief of justification. He testified that shortly before the assault Garcia had rifled through his pockets and threatened to "whip him" if he did not hand over his money. Garcia was unarmed. The court instructed the jury on the elements of the crimes of murder and voluntary manslaughter. On March 29, 1988, the jury convicted Walls of murder. The court sentenced him to twenty-five years in prison.
 
 II
 
 4
 Walls first contends that the jury instructions given by the trial judge violated federal due process. It is undisputed that the instructions violated state law. In People v. Reddick, 526 N.E.2d 141 (Ill.1988), the Illinois Supreme Court held that the pattern jury instructions for voluntary manslaughter, used in Walls's and many other trials, were gravely misleading when read together with the instructions for murder.[2] The offense of voluntary manslaughter had the same elements as murder, but added the further element of a mitigating defense. The Reddick court found that the instructions left the jury with the impression that it was the state's burden to prove mitigation, when it was in fact the state's burden to disprove it beyond a reasonable doubt. Id. at 145. Because a prosecutor pursuing a murder conviction would of course not try to prove mitigation, the court concluded that the jury would virtually always convict of murder.[3]
 
 
 5
 Stated differently, the defective instructions obscured the fact that the crimes of manslaughter and murder are mutually exclusive. The instructions permitted the jury to believe that it could convict of murder even if it found that the defendant had a valid affirmative defense.[4] The defendant could thus be deprived of the benefit of the defense and, because the jury had to choose between manslaughter and murder, yet could not rationally distinguish the two, the decision would be arbitrary. For these latter reasons, and not for the burden of proof issue in Reddick itself, this court has concluded that the facts underlying a Reddick violation also state a federal constitutional claim, including "the right to a fair trial protected by the Fourteenth Amendment's Due Process Clause and the Sixth Amendment right to trial by jury."[5] Thomas v. Peters, 48 F.3d 1000, 1006 (7th Cir.), cert. denied, 116 S.Ct. 114 (1995).
 
 
 6
 The state briefly asserts that Walls has lost his constitutionally-based Reddick claim for failure to present it in explicit federal constitutional terms to the state courts, citing our recent decision in Riggins v. McGinnis, 50 F.3d 492 (7th Cir.), cert. denied, 115 S.Ct. 2621 (1995). Riggins indicated that mere invocation of a Reddick violation in state court is not equivalent to fair presentment of a federal due process claim. Id. at 494; see also Verdin v. O'Leary, 972 F.2d 1467, 1473-76 (7th Cir.1992). Although it is a close question, and Walls's arguments in state court were not a model of clarity, we find that Walls has preserved the claim because he sufficiently alerted the state courts to the federal due process foundation of his challenge to provide them with a fair opportunity to consider it. (See Petition for Post-Conviction Relief at 5.)
 
 
 7
 The claim does not, however, benefit Walls, because we find that the instructional error was harmless. Several decisions of this court have stated that a Reddick-type trial error is subject to harmless error analysis. Thomas v. Peters, 48 F.3d 1000, 1006 (7th Cir.), cert. denied, 116 S.Ct. 114 (1995) (citing cases). On collateral review, whether a constitutional trial error is harmless depends on whether, "in light of the record as a whole," the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1721-22 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). The inquiry "requires the habeas court to evaluate to some extent the probability of the outcome if the case were tried under proper instructions." Thomas, 48 F.3d at 1006; cf. id. at 1007 n. 9.
 
 
 8
 Assuming that the defective instructions left the jury with the impression that it could convict Walls of murder without considering his affirmative defense, or that it could do so arbitrarily even if it credited his affirmative defense, the evidence adduced at trial persuades the court, bearing in mind the Brecht standard of review, that the error was harmless. The jury was very unlikely persuaded by the defense, given the overwhelming evidence against Walls. Three eyewitnesses saw Walls argue with Garcia, then pull out a knife and chase him, finally stabbing him twice in the groin. Garcia was unarmed and defenseless; his hands bore several incised wounds consistent with attempted self-defense. There was little, if any, evidence from which the jury could rationally conclude that Walls acted in self defense, even out of unreasonable belief. Nor was there colorable evidence of sudden and overwhelming provocation.
 
 
 9
 Walls's further contentions center on his belief that he was denied the effective assistance of counsel. With regard to trial counsel, he alleges that counsel was deficient for not raising an involuntary intoxication defense;[6] for not suppressing Walls's statements to police; and in not alleging that the state violated certain discovery rules. He further complains that his appellate counsel was deficient for failing to raise on appeal every point raised in his motion for a new trial; for failing to allege trial counsel's ineffectiveness; for not asserting that Walls's constitutional rights were violated by the court reporter's loss of one of the trial transcripts; and for misrepresenting facts and issues on appeal, resulting in the affirmance of his conviction.
 
 
 10
 To demonstrate a violation of the Sixth Amendment right to effective assistance of counsel, Walls must show "that counsel's representation fell below an objective standard of reasonableness" and, additionally, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the conviction. Id. at 694. We examine "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." United States v. Muehlbauer, 892 F.2d 664, 668 (7th Cir.1990). "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.
 
 
 11
 With regard to the intoxication contention, Walls has offered no evidentiary basis for involuntary intoxication. If he intended to allege voluntary intoxication to negate intent, he would have had to show that his condition was "so extreme as to suspend the power of reason and render him incapable of forming [the] specific intent." Ill.Rev.Stat. ch. 38, para. 6-3(a) (1988); People v. Mocaby, 551 N.E.2d 673, 677-79 (Ill.App.Ct., 5th Dist.1990); People v. Hillenbrand, 521 N.E.2d 900 (Ill.App.Ct., 3d Dist.1988). There was significant evidence that Walls deliberately chased down and killed Garcia, and that he did not appear visibly drunk to the police detectives shortly after he was arrested. It was well within the bounds of professional trial tactics for his counsel to focus instead on the stronger, though ultimately unconvincing, affirmative defenses of mitigation.
 
 
 12
 As for the suppression of Walls's statements to detectives immediately following his arrest, defense counsel duly brought a motion to suppress and a hearing was held.[7] The gist of Walls's allegation is that counsel was ineffective for failing to persuade the court to suppress the statements. Having carefully evaluated the 60-page transcript of the suppression hearing, the court finds nothing to suggest that counsel's performance was deficient.
 
 
 13
 Regarding the performance of his appellate counsel, Walls has provided no concrete details as to how the court reporter's loss of one of his transcripts,[8] or the state's failure to disclose the identities of rebuttal witnesses,[9] prejudiced his defense. He does not explain how he thinks appellate counsel prejudicially misrepresented the facts or issues on appeal. Finally, as we have often explained, appellate counsel is not obligated to raise every nonfrivolous issue on appeal. See Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1986) (appellate counsel deficient only for failing to present significant and obvious issues that were clearly stronger than those issues actually presented). We find that appellate counsel was not constitutionally ineffective.
 
 III
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The following facts are summarized from the findings of the Appellate Court of Illinois, First District, on direct appeal in People v. Walls, No. 1-88-2054 (Ill.App.Ct., 1st Dist. Mar. 28, 1991) (unpublished order). State court findings of historical fact are accorded a presumption of correctness under 28 U.S.C. Sec. 2254(d)
 
 
 [2]
 Effective July 1, 1987, Illinois reclassified the offense of voluntary manslaughter as second degree murder and expressly placed the burden of proving mitigation upon the defendant. P.A. 84-1450, Sec. 2, Ill.Rev.Stat. ch. 720, Sec. 5/9-2 (West 1995)
 
 
 [3]
 In the present case, the parties and the court discussed this defect in colloquy. The court at length decided to adhere to the pattern instructions. (Tr. II at 438-54.)
 
 
 [4]
 If the jury did not believe the defendant had an affirmative defense, there would be no confusion; it would convict of murder
 
 
 [5]
 Outside of the capital context, state jury instructions that contain mere errors of state law can not form the basis of federal habeas relief. Gilmore v. Taylor, 113 S.Ct. 2112, 2117 (1993) (citing Estelle v. McGuire, 502 U.S. 62 (1991)); Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991). Although due process requires the states to prove guilt beyond a reasonable doubt with respect to every element of the offense charged, they may burden defendants with proving affirmative defenses. Id. (citing Martin v. Ohio, 480 U.S. 228 (1987); Patterson v. New York, 432 U.S. 197 (1977).)
 
 
 [6]
 Although he referred to "involuntary intoxication" in his section 2254 petition, it appears from Walls's state petition for post-conviction relief, which he referenced in his reply below in support of his claims, that he actually intended to argue "voluntary" intoxication. The state and the district court assumed he meant "involuntary." In light of appellant's apparently inadvertent error, both possibilities are addressed below
 
 
 [7]
 The state and the district court misread Walls's contention and the record, believing that Walls alleged his counsel was deficient for failing to file a motion to suppress at all
 
 
 [8]
 The March 29, 1988, transcript of what appears to have been the sentencing hearing was lost by the court reporter, but its absence does not preclude thorough review of Walls's claims
 
 
 [9]
 Defense trial counsel challenged the state's failure to disclose the rebuttal witnesses in a motion for reconsideration, which the trial court denied. (Tr. II at 615-18.)