Robert D. HENDRIX, Petitioner,

v.

Gary R. McCAUGHTRY, Respondent.

No. 97–C–418.

United States District Court,
E.D. Wisconsin.

Aug. 14, 1998.

Scott P. Phillips, Law Office of Scott P. Phillips, Milwaukee, WI, for Petitioner.

Gregory M. Posner–Weber, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Mr. Hendrix, currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus. On June 10, 1997, I found that his claims passed scrutiny under Rule 4, Rules Governing Section 2254 Cases, and directed the respondent to file an answer. Because the issues were sufficiently complex, counsel was appointed for Mr. Hendrix. The parties have now fully briefed the issues and Mr. Hendrix's petition is ready for my resolution.

### I. Factual Background

The relevant facts are undisputed. Mr. Hendrix pleaded guilty in state court, pursuant to a plea agreement, to two counts of armed robbery, one count of false imprisonment, and one count of reckless endangerment. After he was sentenced to 40 years in July, 1993, Mr. Hendrix discovered that his trial counsel, based on a faulty jury instruction, had incorrectly told him the elements of reckless endangerment. The petitioner therefore filed a post-conviction motion with

the trial court, which subsequently allowed Mr. Hendrix to withdraw his guilty plea as to the reckless endangerment count.

The petitioner later filed a second post-conviction motion with the trial court, asking that the court also withdraw Mr. Hendrix's guilty pleas as to the other three counts of his conviction because he had made the pleas as part of a "package deal" that had become tainted. The trial court denied the petitioner's second post-conviction motion, and Mr. Hendrix filed a direct appeal with the Wisconsin court of appeals. That court affirmed Mr. Hendrix's conviction. *State v. Hendrix,* 207 Wis.2d. 642, 559 N.W.2d 923 (Wis.Ct. App.1996), *review denied,* 208 Wis.2d 212, 562 N.W.2d 601 (1997). The state appeals court found that Mr. Hendrix was barred from arguing that manifest justice requires that he be allowed to withdraw all of his guilty pleas because he had only raised this argument to the trial court in a second post-conviction motion. The court said that under *State v. Escalona–Naranjo,* 185 Wis.2d 168, 517 N.W.2d 157 (1994), a petitioner can only bring a second post-conviction motion when he has established a "sufficient reason" to explain why he did not assert it the first time around. Relying on *Escalona–Naranjo,* the state court of appeals said that because Mr. Hendrix had not alleged a sufficient reason, it would not consider his claim. Mr. Hendrix appealed this decision to the Wisconsin Supreme Court, but that court denied review. *State v. Hendrix,* 208 Wis.2d 212, 562 N.W.2d 601 (1997).

Mr. Hendrix raises three claims before this federal court: (1) Whether the trial court erred in not allowing him to withdraw his guilty plea as to the remaining three counts; (2) Whether the trial court should have allowed Mr. Hendrix to withdraw his guilty plea as to the remaining three counts because of the ineffective assistance of his trial counsel; (3) Whether the court of appeals erred when it found that Mr. Hendrix was procedurally barred from challenging the second post-conviction motion.

## II. Analysis

■ One of the basic premises underlying a federal court's review of a habeas corpus petition is that the petitioner present to the federal court an argument that his state custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court examining a habeas corpus petition does not have jurisdiction to interpret whether the state courts correctly applied state law. *See Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[T]he fact that the [jury] instruction was allegedly incorrect under state law is not a basis for habeas relief."); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Holman v. Gilmore,* 126 F.3d 876, 884 (7th Cir.1997) (citing *Estelle* and *Pulley* for this proposition), *cert. denied,* — U.S. ——, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). The petitioner has the "burden of demonstrating that he has suffered the deprivation of a constitutionally protected right." *Koo v. McBride,* 124 F.3d 869, 874 (7th Cir.1997). Accordingly, the court need not go further unless Mr. Hendrix has adequately demonstrated that the state trial court's alleged errors may have violated his federal constitutional or statutory rights.

■ As to his first claim that the trial court erred when it failed to allow Mr. Hendrix to withdraw his guilty plea to the remaining three counts, Mr. Hendrix makes absolutely no argument, in the petition itself or in his briefs in support of the petition that this error violated his federal rights. The entire basis of his argument on this issue is that the trial court "should" have restored Mr. Hendrix to his original position once it allowed him to withdraw his guilty plea as to one of the courts. The flaw in this argument is that the petition does not state *why* the trial court should have done this. The petitioner does cite some federal cases for his proposition, but none of these cases addresses a state criminal defendant's constitutional or federal rights. Instead, they only refer to the *sentencing* of a federal defendant.

Mr. Hendrix's second claim is that because his trial counsel was ineffective, "manifest injustice" requires that he be allowed to withdraw all of his guilty pleas. While at first glance, this claim may appear to be one for ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, a closer look at Mr. Hen-

drix's argument reveals that his argument is not grounded at all in federal law. Instead, he refers to the "manifest injustice," standard under Wisconsin state law for allowing the withdrawing of a guilty plea after sentencing. He emphasizes and relied on the fact that a Wisconsin court has said that "ineffective assistance of counsel" is one example of "manifest injustice." *See State v. Krieger,* 163 Wis.2d 241, 251, 471 N.W.2d 599 (Ct.App.1991).

Therefore, his reference to ineffective assistance of counsel only refers to state law. In order for him to allege that he in custody in violation of his federal rights, is not enough for him to simply mention a catchphrase. The court of appeals for the seventh circuit, in asking whether a habeas petitioner raised his federal claims to the state court, said:

> It is not enough to scatter the words "due process" in a brief: counsel must sketch an argument about *why* the conviction violated that clause.... "Due process" is such a ductile concept that phrase-dropping is the equivalent of no argument at all. A lawyer need not develop a constitutional argument at length, but he must make one; the words "due process" are not an argument.

*Riggins v. McGinnis,* 50 F.3d 492, 494 (7th Cir.) (citation omitted), *cert. denied sub nom. Riggins v. Washington,* 515 U.S. 1163, 115 S.Ct. 2621, 132 L.Ed.2d 862 (1995). Mr. Hendrix's situation is one step removed from the mere mention of a constitutional phrase because he mentions the phrase "ineffective assistance of counsel" only in the context of state law. He makes no reference to the requirements of a showing of constitutional ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

My review of Mr. Hendrix's state court submissions on these first two claims shows that he also did not raise any federal or constitutional questions in the state courts. *See Riggins,* 50 F.3d at 495 (affirming the district court's denial of a habeas petition because the petitioner had not fairly presented his constitutional claim to the state court).

Mr. Hendrix's final claim is that the Wisconsin court of appeals erred when it found that he was barred from appealing his claims from his second post-conviction motion. Spe-

cifically, he argues that the court of appeals' retroactive application of *State v. Escalona–Naranjo,* 185 Wis.2d 168, 517 N.W.2d 157 (1994), which the Wisconsin supreme court decided after he had filed his first postconviction motion, violated his equal protection and due process rights under the United States Constitution.

The respondent contends that because Mr. Hendrix did not raise this issue to the Wisconsin supreme court when he petitioned for review, he has procedurally defaulted on that claim. This is a unique situation because Mr. Hendrix did not have an opportunity to raise this claim to the state court of appeals since until that court issued its decision, he did not know that his claims would be barred by *Escalona–Naranjo.* Furthermore, the court of appeals for the seventh circuit has recently held that when a state supreme court exercises discretionary review, a habeas corpus petitioner need not have brought those claims before that court before he files his habeas petition. *See Boerckel v. O'Sullivan,* 135 F.3d 1194 (7th Cir.1998), *petition for cert. filed,* 67 U.S.L.W. 3001 (June 17, 1998); *see also* Wis.Stat. § 809.62(1) (stating that supreme court review "is a matter of judicial discretion, not of rights"). Therefore, the question is whether Mr. Hendrix, who did petition the Wisconsin supreme court for review but did not argue that the court of appeals' ruling violated his constitutional rights, has procedurally defaulted on this claim.

I believe that the court of appeals' holding in *Boerckel*—that petitioners need not appeal to a court with discretionary review in order to exhaust their claims—does not apply to this situation. In *Boerckel,* the petitioner, even though he had failed to appeal to the state supreme court, had still exhausted his claims because he had presented them to the intermediate appellate court. 135 F.3d at 1202. The petitioner in that case, therefore, had met the crucial requirement that any issues brought before a federal court on a habeas petition be "fairly presented to the state court." *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Boerckel,* 135 F.3d at 1196 ("Before a federal court may address the merits of a § 2254

habeas petition, a petitioner must provide the state courts with a full and fair opportunity to review his claims."). That is not true in this case.

■ The doctrine of procedural default applies when a petitioner has exhausted his state court remedies, as the respondent concedes Mr. Hendrix has done, but has failed to obtain a state court decision on a particular claim because he somehow procedurally forfeited the right to bring that claim. "The doctrine of procedural default bars federal habeas review when a state court declines to address a prisoner's federal claims because the defendant has not met a state procedural requirement." *Boerckel*, 135 F.3d at 1197; *see Riggins*, 50 F.3d at 493 (stating that "if the state treats inadequate development of a claim as waiver, then a defendant's omission activates" the procedural default doctrine).

That Mr. Hendrix has exhausted his remedies in state court does not excuse him from the requirement that, in the interests of comity, he first present all of his claims to the state court. "Whether the issue is exhaustion or waiver/procedural default, we look to whether the petitioner 'fairly presented' his federal constitutional claim to the state court." *Armstrong v. Young*, 34 F.3d 421, 425 (7th Cir.1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1369, 131 L.Ed.2d 224 (1995). This is true regardless of the holding in *Boerckel*, which did not eviscerate the important requirement that a federal habeas petitioner give the state courts a chance to address the federal constitutional issue before the federal court does.

Accordingly, if the Wisconsin courts would find that Mr. Hendrix has waived his retroactivity claim, he has procedurally defaulted on that claim. In his petition for review to the state supreme court, Mr. Hendrix did not name as an issue the constitutionality of the court of appeals' retroactivity of *Escalona–Naranjo*. (See Respondent's Answer, Ex. F.) Wisconsin law explicitly states that a litigant who does not raise an issue in his petition for review waives his right to raise that issue if the supreme court grants the petition. *Doyle v. Engelke*, 580 N.W.2d 245, 252 (Wis.1998); *see* Wis.Stat. § 809.62(6).

■ By not bringing this issue before the Wisconsin supreme court, the only court that could have had the opportunity to address it, Mr. Hendrix has procedurally defaulted on this third claim. Once a petitioner has procedurally defaulted, a federal court may only hear his claim: (1) if the rule under which the petitioner forfeited his claim does not supply an "independent and adequate ground of decision;" (2) or if he shows either that there is cause and prejudice for his default or that he would suffer a fundamental miscarriage of justice upon the court's refusal to hear the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir.1997). Neither of these standards apply to Mr. Hendrix.

The Wisconsin procedural rule discussed above is an independent state procedural rule that is separate from the merits of a claim. The court of appeals for the seventh circuit has said that "failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir.), *modified on other grounds*, 79 F.3d 578 (1996).

Whether a procedural rule is adequate is really a question of whether the state court had the authority to apply it and, if so, whether the court applied it consistently. A state procedural rule "is not adequate to prevent federal collateral review when the defendant could not be 'deemed to have been apprised of its existence' at the time he omitted the procedural step in question." *Liegakos v. Cooke*, 106 F.3d 1381, 1385 (7th Cir.1997) (quoting *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 457, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958)); *see James v. Kentucky*, 466 U.S. 341, 349, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984) (stating that for a state procedural rule to be "adequate," it must be "firmly established and regularly followed"). The Wisconsin supreme court's waiver rule was codified and applied before Mr. Hendrix failed to raise his constitutional issue in his petition for review. *See State v. Thierfelder*, 174 Wis.2d 213, 228, 495 N.W.2d 669 (1993) (noting that the defendant had not raised two issues in her petition for review

and that she therefore "cannot raise or argue them as a matter of right") There is also no evidence that the state supreme court has inconsistently followed this rule.

I also find that Mr. Hendrix has not proved that there exists "cause and prejudice." He has not alleged any reason for his having failed to raise the issue in his petition for review or that he has suffered any prejudice from the failure. His silence alone is sufficient to support my finding. *See Moleterno v. Nelson,* 114 F.3d 629, 635 (7th Cir. 1997) (stating that the petitioner alleged "no reason" to establish "cause" and therefore engaging in no further analysis); *see also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ("[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). I need not address the "prejudice" standard because Mr. Hendrix lacks cause. *See McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Even if a petitioner has not met the "cause and prejudice" standard, the court may address the merits of a petition if not doing so would be a "fundamental miscarriage of justice." *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). There is a fundamental miscarriage of justice when "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey,* 499 U.S. at 494, 111 S.Ct. 1454. In order to satisfy this standard, in other words, the petitioner must show that he is "actually innocent." *Schlup v. Delo,* 513 U.S. 298, 314–16, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Sawyer,* 505 U.S. at 339, 112 S.Ct. 2514. Mr. Hendrix has not argued that he is actually innocent of the crimes of which he is convicted. It is not up to this court to make this argument for him. petitioner must show that he is "actually innocent." *Schlup v. Delo,* 513 U.S. 298, 314–16, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Sawyer,* 505 U.S. at 339, 112 S.Ct. 2514. Mr. Hendrix has not argued that he is actually innocent of the crimes of which he is convicted. It is not up to this court to make this argument for him. Therefore, he has not proved that there would be a miscarriage of justice if this court refused to address the merits of his claim. *See Moleterno,* 114 F.3d at 636 (holding that because the petitioner made no argument that he was actually innocent of the crimes committed, the exception did not apply).

 In conclusion, I will dismiss Mr. Hendrix's first two claims because he has not alleged that his state court custody is in violation of any of his federal or constitutional rights. I will dismiss the petitioner's final claim because he has not, and cannot, present it to the Wisconsin courts and has therefore procedurally defaulted on that claim.

Therefore, IT IS ORDERED that Mr. Hendrix's petition for a writ of habeas corpus be and hereby is denied, with prejudice.

IT IS FURTHER ORDERED that this action be and hereby is dismissed, with prejudice.