**Nathan Lee HOGAN, Petitioner–Appellant,**

v.

**Dan McBRIDE and Pamela Carter, Respondents–Appellees.**

No. 95–1498.

United States Court of Appeals, Seventh Circuit.

March 14, 1996.

Before Hon. BAUER, Circuit Judge, Hon. COFFEY, Circuit Judge, Hon. EASTERBROOK, Circuit Judge.

## ORDER

Prior Report: 74 F.3d 144.

Respondents contended that Hogan forfeited his Confrontation Clause argument by omitting it from his petition for transfer to the Supreme Court of Indiana. After we rejected that theory of forfeiture (changing circuit law in the process), respondents filed a petition for rehearing, contending that Hogan also forfeited this contention at trial. The trial judge made a preliminary ruling that witnesses would not be allowed to testify to certain matters but invited Hogan's counsel to renew the question at trial when the dispute could be made more concrete. Cf. *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). Although questioning at trial danced around the forbidden subject, counsel never asked the judge to reconsider his ruling and therefore did not squarely present the issue for decision, respondents insist. We ordered Hogan to respond to the petition for rehearing, but he has not done so. The subject is therefore ready for decision.

Respondents anticipate one objection to their current position: they did not present it in the brief on this appeal. They contend that the law of the circuit offered such strong support for their position that they saw no

need to gild the lily. As our opinion points out the cases on which they relied dealt with Illinois practice, and we had held that they could not be uncritically extended. *Jenkins v. Gramley,* 8 F.3d 505 (7th Cir.1993). But our opinion also concluded that the district judge had been justified in relying on those cases. That observation is equally applicable to respondents, and we therefore conclude that they have not waived the argument they now advance.

The state's appellate court held that, by not asking the trial judge to reexamine his decision on the motion in limine, Hogan forfeited his argument based on the confrontation clause of the Constitution. *Hogan v. Indiana,* No. 49A05-9306-CR-203 625 N.E.2d 510 (Ind.App. 5th Dist. Dec. 14, 1993), slip op. 8. But it then proceeded to address the subject through the lens of ineffective assistance: it inquired whether Hogan's lawyer was constitutionally deficient by failing to persist on this subject at trial. The court held not, because in its view "it is plausible that counsel made a strategic decision." *Id.* at 9.

Hogan argues in this collateral attack under 28 U.S.C. § 2254 that he received ineffective assistance of counsel. The district court considered that contention only to the extent it dealt with counsel's failure to seek a more expeditious trial; our consideration of the subject was similarly limited. Because the argument that counsel's handling of the confrontation issue was constitutionally deficient has yet to be addressed by the district court, we alter the terms of our remand. Instead of addressing the confrontation issue on the merits, the district judge must determine whether counsel's performance with respect to that issue fell short of Hogan's entitlements, under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The "prejudice" component of the *Strickland* inquiry may lead the district court back to the merits of the confrontation issue, but it may be that the court can stop with the question whether counsel's performance taken as a whole was constitutionally adequate. We leave such issues to the district court in the first instance.

The petition for rehearing is denied, but the terms of the remand are modified as indicated above.