129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bruce G. FEARING, Petitioner-Appellant,
v.
Thomas F. PAGE, Respondent-Appellee.
 No. 97-1628.
 United States Court of Appeals, Seventh Circuit.
 Nov. 20, 1997.[1]
 
 Appeal from the United States District Court of the Central District of Illinois.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER, and Hon. TERENCE E. EVANS, Circuit Judges.
 
 ORDER
 
 1
 On December 6, 1995, Bruce G. Fearing, an Illinois prisoner, filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, which the district court denied on the basis of procedural default. This court granted a certificate of appealability on the effect of Hogan v. McBride, 74 F.3d 144 (7th Cir.1996), in this case, "in addition to any other issues the parties desire to raise."
 
 
 2
 Because the habeas corpus petition was filed prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, § 104(d), 110 Stat. 1214, amending 28 U.S.C. § 2254, and the Act is not applied retroactively, Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997), we apply the pre-AEDPA standards in this case.
 
 
 3
 In 1992, a jury convicted Fearing of first-degree murder, and he was sentenced to 60 years' imprisonment. The Illinois Appellate Court affirmed the conviction, rejecting on the merits four issues: (1) whether he was proved guilty beyond a reasonable doubt of first-degree murder, notwithstanding his testimony that he acted in self-defense; (2) whether the Illinois second-degree murder statute was unconstitutional; (3) whether he was denied a fair trial by the introduction of evidence that defendant had committed another crime; and (4) whether it was error to instruct the jury on provocation. People v. Fearing, No. 5-92-0377 (Ill.Ct.App. June 17, 1993) (unpublished decision). Fearing filed a petition for leave to appeal to the Illinois Supreme Court, which was denied, but he raised only the second and third issues. The Illinois Supreme Court denied Fearing's petition for leave to appeal ("PLA").
 
 
 4
 Fearing then filed a post-conviction petition, raising the four claims he had raised in the direct criminal appeal. The court, however, found the claims frivolous and without merit, since they had already been decided in the direct criminal appeal. Fearing did not appeal that decision. Instead, he filed this federal habeas corpus action, raising only the second and third issues listed above. The district court found that Fearing had procedurally defaulted on both claims because he did not file an appeal with the Illinois Court of Appeals after the post-conviction petition was denied.
 
 
 5
 In granting the certificate of appealability, we asked the parties to brief the issue of the effect of our holding in Hogan v. McBride, 74 F.3d 144 (7th Cir.1996), modified on denial of rehearing, 79 F.3d 578 (7th Cir.1996). The state chose not to do so, instead arguing at length that Hogan was wrongly decided. Regardless, we find that several of the issues raised in the petition are not affected by Hogan, since the two issues raised in the federal habeas corpus petition were in fact raised in the petition for leave to appeal filed in the Illinois Supreme Court. As to a third issue, regarding the sufficiency of the evidence, we find that under Hogan, failure to raise it in the PLA does not bar collateral federal review of the issue.
 
 
 6
 Default by Failure to Appeal from Denial of State
 
 Post-Conviction Petition
 
 7
 The district court found that Fearing had procedurally defaulted as to all issues, based on his failure to file an appeal from the order denying his post-conviction petition, and also found that Fearing had not shown cause for or prejudice as a result of this procedural default. Fearing's explanation for his failure to appeal apparently rests on his agreement with the state post-conviction court's finding that the issues raised were res judicata since they had been decided on the merits in the direct criminal appeal.
 
 
 8
 The state asserts, without explanation, that the district court erred in this finding. We find that the state has therefore waived the issue. Bloyer v. Peters, 5 F.3d 1093, 1097 (7th Cir.1993); Lilly v. Gilmore, 988 F.2d 783, 784-85 (7th Cir.1993); Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991).
 
 
 9
 Moreover, since the state takes a position directly contrary to the district court decision from which petitioner appeals, we will not base our decision on Fearing's failure to appeal the denial of his post-conviction petition to the state appellate court, and we do not here decide whether our decision in Hogan affects this legal issue. See Henderson v. Thieret, 859 F.2d 492, 497-98 (7th Cir.1988), and Barrera v. Young, 794 F.2d 1264, 1269 (7th Cir.1986) (holding that this court will not interfere by imposing "a meddlesome intrusion into the state's internal allocation of government authority" when the state "authorizes its Attorney General to surrender the protection of some principle of law on behalf of the state"). We proceed, then, to examine each claim and determine whether Fearing has defaulted in some other manner, or whether the merits should be reached.
 
 
 10
 Constitutionality of Illinois Murder Statute
 
 
 11
 In the state courts, Fearing challenged Illinois' second-degree murder statute, 720 ILCS 5/9-2(a), on the ground that it violates the Illinois Constitution, with only a passing reference in his appellate brief to federal due process rights. The state argues that by not fully relying on the federal Constitution, Fearing failed to fairly present the federal question in the state courts. See Verdin v. O'Leary, 972 F.2d 1467, 1473-74 (7th Cir.1992). We disagree. See Falconer v. Lane, 905 F.2d 1129, 1134 (7th Cir.1990 (even if petitioner's claim was brought under the Illinois Constitution, it was "functionally identical to a federal claim" and therefore the federal claim was fairly presented to the state courts). Regardless, Fearing's claim fails on the merits. Both this court and the Illinois Supreme Court have rejected identical challenges to the constitutionality of the Illinois second-degree murder statute. Mason v. Gramley, 9 F.3d 1345 (7th Cir.1993); People v. Jeffries, 646 N.E.2d 587 (Ill.1995).
 
 Evidence of Other Crimes
 
 12
 Fearing also argues in his habeas corpus petition that he was denied a fair trial when the trial court admitted evidence of another crime which he had committed. The state again argues that the federal aspects of this claim were not fairly presented to the state courts. We agree, and consequently we conclude that he has procedurally defaulted the claims, see Verdin, supra. Fearing has made no attempt to show cause for or prejudice resulting from this default.
 
 Sufficiency of the Evidence
 
 13
 In his petition, Fearing also maintains that the evidence did not support a conviction for first-degree murder. The state argues that he procedurally defaulted this issue by failing to raise it in his PLA before the Illinois Supreme Court. As we have explained, however, this is incorrect under Hogan. The claim was raised in the direct criminal appeal and in the post-conviction petition, and was not procedurally defaulted.
 
 
 14
 In reviewing a sufficiency of the evidence claim in a federal habeas corpus proceedings, state court findings are presumed correct. 28 U.S.C. § 2254(d) (1995). We will not disturb the conviction if, viewing the evidence in a light most favorable to the prosecution, any rationale jury could find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979). At the time Fearing was convicted, the Illinois first-degree murder provided:
 
 
 15
 A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:
 
 
 16
 (1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or
 
 
 17
 (2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or
 
 
 18
 (3) He is attempting or committing a forcible felony other than voluntary manslaughter.
 
 
 19
 Ill.Rev.Stat.1991, ch. 38, par. 9-1(a) (now 720 ILCS 5/9-1(a)). In contrast, the second-degree murder statute provided in relevant part:
 
 
 20
 (a) a person commits the offense of second degree murder when he commits the offense of first degree murder as defined in paragraphs (1) or (2) of subsection (1) of Section 9-1 of this Code and either of the following mitigating factors are present. * * *
 
 
 21
 (1) At the time of the killing [defendant] is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed.
 
 
 22
 Ill.Rev.Stat 1991, ch. 38, par. 9-2(a)(1) (now 720 ILCS 5/9-2(a)(1)). A defendant might also be found guilty of second-degree murder if the evidence shows that he believed he was acting in self-defense, but the belief was objectively unreasonable. Ill.Rev.Stat.1991, ch. 38, par. 9-2(a)(2) (now 720 ILCS 5/9-2(a)(2)).
 
 
 23
 Fearing argues that he proved imperfect self-defense by a preponderance of the evidence, and therefore the offense should have been reduced to second-degree murder. Witnesses testified that Fearing sold drugs to the victim, Skinner, who promised to pay in a few days. Fearing told at least one person that "he was going to have to hurt somebody to let them know he meant business, that he wanted his money." Just before the killing, witnesses saw the two men argue, with Fearing waving a knife, while Skinner had nothing in his hands. They went into Skinner's house and soon thereafter, Skinner emerged from the house, clutching a stab wound in his side. Fearing followed, holding a knife in his hand. A witness testified that she later heard Fearing making statements indicating that he "had to stick" Skinner because "he ran." In addition, there was evidence that Fearing had previously stabbed someone who owed him money, and evidence that after the stabbing, Fearing left town, and later attempted to escape when confronted by police prior to his arrest.
 
 
 24
 It is true that there was conflicting evidence as to whether Skinner exited the house holding scissors. However, the jury was entitled to reject Fearing's evidence. The witness who testified that Fearing had told him that Skinner had lunged at him with a pair of scissors also admitted that he had never before mentioned this fact to anyone. The state appellate court found:
 
 
 25
 Without reciting all of the circumstantial evidence of defendant's guilt already set forth herein, we note that defendant had made a prior threat to harm someone, possibly the victim, to Brenda Amos; defendant's testimony that he did not realize he had stabbed Skinner is incredible in that he thrust a knife at least 6 1/2 inches into Skinner belly and told several people that he had stabbed Skinner; the right-handed victim was holding the scissors in his left hand; defendant did not tell Brenda Amos immediately after the stabbing that he had acted in self-defense; and defendant hid and fled from police and disposed of the knife with which he had stabbed Skinner.
 
 
 26
 We conclude that the evidence, including the evidence presented by Fearing that he acted in self-defense, was sufficient to permit the jury to find that Fearing did not act in self-defense (reasonable or not), and to find him guilty of first-degree murder beyond a reasonable doubt.
 
 Conclusion
 
 27
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)