James GRIFFIN, Jr., Petitioner,

v.

Gary McCAUGHTRY, Respondent.

No. 96–C–676.

United States District Court,
E.D. Wisconsin.

Dec. 19, 1997.

James Griffin, Jr., pro se.

James M. Freimuth, Wisconsin Dept. of Justice, Office of Atty. Gen., Madison, WI, for Respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

James Griffin Jr., currently incarcerated at the Waupun Correctional Institution, filed a petition for a writ of habeas corpus on June 7, 1996. This court dismissed his petition on July 2, 1996, finding that Mr. Griffin fell within in the purview of Congress' newly enacted requirement that a habeas corpus petitioner must file his petition within one year of the date on which the judgment of conviction became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1).

I denied Mr. Griffin's motion for reconsideration on July 25, 1996. Because Congress' amendments to the habeas corpus statutes were so new and because the question of the law's retroactivity was an open one, I granted the petitioner a certificate of appealability to the court of appeals for the seventh circuit on September 13, 1996. The court of appeals subsequently held in a different case that "reliance interests lead us to conclude that no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d)." *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds,* — U.S. —, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Based on *Lindh,* the court vacated my dismissal of Mr. Griffin's petition on January 31, 1997 and returned it to the district court for further consideration. The parties have now fully briefed the issues, and the petition is ready for this court's resolution.

## I. Factual and Procedural Background

On February 5, 1990, the state charged Mr. Griffin for three different incidents on three different dates. First, he was charged with one count of attempted armed robbery against Retta Mezera on October 2, 1989. The state also charged him with one count of armed burglary, one count of robbery, one count of attempted first degree sexual assault, and one count of first degree sexual assault, all stemming from an incident involving Darlynn Ahlgren on October 3, 1989. Finally, the state charged Mr. Griffin with one count of robbery against Dorothy Vincent on October 4, 1989. (Respondent's Answer to Mr. Griffin's Petition ["Respondent's Answer"], Ex. E.)

Mr. Griffin pled not guilty to all six charges and moved the court to sever the charges into separate trials for each victim. On March 16, 1990, Judge Barbara Kluka of Kenosha County circuit court ordered that there be one trial on the charges involving Ms. Ahlgren and another on the charges involving Ms. Mezera and Ms. Vincent. (Respondent's Answer, Ex. W, at p. 15.) On the morning of the trial regarding Ms. Mezera and Ms. Vincent, Mr. Griffin moved the court to sever the charges involving those two women. The state asked, alternatively, that Judge Kluka reconsider her previous ruling and consolidate the armed burglary and robbery counts involving Ms. Ahlgren with the

counts involving the other two women. (Respondent's Answer, Ex. X, at pp. 8–10.) Judge Kluka granted the government's request and allowed the jury trial to proceed on four charges—attempted armed robbery against Ms. Mezera, armed burglary and robbery against Ms. Ahlgren, and robbery against Ms. Vincent. (Respondent's Answer, Ex. X, at p. 34.)

On March 27, 1990, the jury convicted Mr. Griffin of one count of attempted armed robbery and two counts of robbery. The jury also found that Mr. Griffin was not guilty of the one count of armed burglary against Ms. Ahlgren. (Respondent's Answer, Ex. Y, at p. 134–35.) Judge Kluka entered a judgment of conviction on May 15, 1990. She sentenced Mr. Griffin to 16 years for the attempted armed robbery of Ms. Mezera, 12 years for the robbery of Ms. Ahlgren, and 16 years for the robbery of Ms. Vincent. Judge Kluka sentenced Mr. Griffin as a repeat offender and ordered that the sentences be consecutive. (Respondent's Answer, Ex. A.)

Mr. Griffin filed a direct appeal from the judgment of his conviction in which he claimed that the trial court should not have allowed the offenses to be joined, failed to sever the offenses as to each victim, and erroneously admitted rebuttal evidence regarding two robberies allegedly committed by Mr. Griffin in Illinois. (Respondent's Answer, Ex. G.) The Wisconsin court of appeals affirmed his judgment of conviction on July 31, 1991, and the Wisconsin supreme court denied Mr. Griffin's petition for review on November 13, 1991. (Respondent's Answer, Exs. F, J.)

On July 17, 1992, Mr. Griffin filed a post-conviction motion for relief, pursuant to *Wis. Stat.* § 974.06. The only claim that he made in that motion was that Judge Kluka "acted beyond her authority to impose consecutive prison terms." (Respondent's Answer, Ex. M.) Judge Kluka denied his post-conviction motion on August 3, 1992. (Respondent's Answer, Ex. N.) Mr. Griffin appealed Judge Kluka's denial, but added several other claims in his brief to the state court of appeals. (Respondent's Answer, Ex. P.) On July 7, 1993, the Wisconsin court of appeals ruled on the merits of Mr. Griffin's claim that

Judge Kluka improperly imposed consecutive sentences and affirmed the trial court's denial of Mr. Griffin's motion. (Respondent's Answer, Ex. O.) The court of appeals declined to address the other issues that Mr. Griffin had raised in his brief because he had only appealed Judge Kluka's August 3, 1992 order and "because [the other issues] were decided by the circuit court on August 25, 1992 in response to an *amended* sec. 974.06, Stats., motion brought by Griffin, and he has not filed a notice of appeal from the August 25, 1992 decision." (Respondent's Answer, Ex. O, at p. 4) (emphasis added). The Wisconsin supreme court denied his petition for review on October 19, 1993. (Respondent's Answer, Ex. S.)

## II.  Analysis

In the petition filed with this court, Mr. Griffin first alleges that the trial court abused its discretion by refusing to grant separate trials on the charges involving each of the three victims. His second claim is that the trial court committed prejudicial error when it admitted rebuttal evidence of the two robberies that the petitioner allegedly committed in Illinois. In his first brief in support of the petition, filed on August 1, 1997, Mr. Griffin added several claims, including that the trial court unconstitutionally suppressed exculpatory evidence, failed to allow him to challenge Ms. Mezera's testimony that she suffered a contusion and a broken nose, and relied on inconsistent testimony during the initial investigation. He also added a claim that the photographic identification procedures that the police used were impermissibly suggestive.

### A.  Petitioner's Failure to Raise a Federal Issue on First Two Claims

■  The first question is whether Mr. Griffin has adequately raised *federal* claims in this court. One of the basic premises underlying a federal court's review of a habeas corpus petition is that the petitioner present an argument that his state custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court examining a habeas corpus petition does not have jurisdiction to interpret whether the *state* courts

correctly applied *state* law. *See Estelle v. McGuire*, 502 U.S. 62, 71–72, 112 S.Ct. 475, 481–82, 116 L.Ed.2d 385 (1991) ("[T]he fact that the [jury] instruction was allegedly incorrect under state law is not a basis for habeas relief."); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir.1997) (citing *Estelle* and *Pulley* for this proposition). The petitioner has the "burden of demonstrating that he suffered the deprivation of a constitutionally protected right." *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir.1997). Accordingly, this court need not go further unless Mr. Griffin has adequately argued that the state trial court's alleged errors may have violated *federal* law.

The next question, then, is how vigorously Mr. Griffin's petition must assert that the various errors at his trial reached the level of a *federal constitutional* violation. In other words, how clear does Mr. Griffin have to be in arguing that the state court infringed his federal rights? In analogous situations, in which the question was whether a habeas petitioner adequately raised his federal claims to the *state* court for purposes of an exhaustion or a procedural default analysis, courts have found that the mere mention in a brief of a constitutional violation is not sufficient. A recent case decided by the court of appeals for the seventh circuit is especially relevant. *Riggins v. McGinnis*, 50 F.3d 492 (7th Cir.), *cert. denied sub nom., Riggins v. Washington*, 515 U.S. 1163, 115 S.Ct. 2621, 132 L.Ed.2d 862 (1995). The petitioner in *Riggins* had primarily relied on state court law in pursuing his state court appeal. In his argument to that court, however, the petitioner had cited a state case and explained in a parenthetical phrase that that case established a "due process" right. He argued that this phrase had fairly alerted the state court to the federal constitutional nature of his claims. 50 F.3d at 493–94. The seventh circuit disagreed, stating:

> It is not enough to scatter the words "due process" in a brief: counsel must sketch an argument about *why* the conviction violated that clause .... "Due process" is such a ductile concept that phrase-dropping is the

equivalent of no argument at all. A lawyer need not develop a constitutional argument at length, but he must make one; the words "due process" are not an argument.

*Riggins*, 50 F.3d at 494 (citation omitted) (emphasis in original). The court therefore found that because the state court had not first heard the petitioner's federal claims, he had procedurally defaulted and was barred from bringing the claims in federal court. *Id.* at 495.

Similarly, in *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir.1996), the petitioner, in his state court brief, had cited one case from the United States Supreme Court and made one reference to a violation of his due process rights under the Fourteenth Amendment. Stating that "both the operative facts and the controlling legal principles of a constitutional claim must be submitted to the state court" for the federal court to hear that claim, the *Bocian* court said that there are four factors that help a court determine if a state court had a fair opportunity to hear the federal claim. These factors are: (1) whether the petitioner relied on relevant federal cases; (2) whether the petitioner relied on state cases that engaged in a constitutional analysis in a similar factual situation; (3) whether the petitioner's claim was "so particular as to call to mind a specific constitutional right;" and (4) whether the alleged facts "are well within the mainstream of constitutional litigation." *Bocian*, 101 F.3d at 469. The court, finding that the petitioner had not fairly presented his federal claims to the state court, said that "counsel must sketch an argument explaining *why* the conviction violates the Due Process Clause." *Bocian*, 101 F.3d at 469–70 (emphasis in original); *see also Moleterno v. Nelson*, 114 F.3d 629, 635 (7th Cir.1997).

■ Based on the reasoning of these cases, I find that the petitioner has not sufficiently argued to *this* court that he has suffered a violation of his federal constitutional rights as a result of Judge Kluka's decision not to sever his charges. In determining whether a trial court's failure to sever various counts is a constitutional violation, a federal district court is limited to the general

question of whether "an abuse of discretion led to the deprivation of any rights secured by the Constitution." *Mack v. Peters*, 80 F.3d 230, 235 (7th Cir.1996). Specifically, courts reviewing such a habeas petition must ask whether the trial court's abuse of discretion "resulted in a trial that was fundamentally unfair." *See id.* (quoting *Stomner v. Kolb*, 903 F.2d 1123, 1127 (7th Cir.1990)).

While Mr. Griffin does state that Judge Kluka's decision not to sever the trial denied him his right to "due process," he only does so in one of the argument headings of his initial brief. While he does discuss whether Judge Kluka abused her discretion, he does so only in the context of the court's alleged violation of the state law statute regarding the joinder of crimes, *see Wis. Stat.* § 971.12(1), not in the context of such abuse violating his constitutional rights. Moreover, his habeas briefs to this court focus, in great detail, on whether the alleged crimes were of the "same or similar character," as defined by the Wisconsin statute and Wisconsin cases interpreting that statute. But Mr. Griffin does not argue how or why the trial was fundamentally unfair or how it violated his federal constitutional rights. Indeed, the petitioner seems to have copied, in his own handwriting, part of the brief that his attorney submitted in the direct appeal of his conviction to the Wisconsin court of appeals. *Compare* Respondent's Answer, Ex. G *with* Petitioner's Brief. Finally, my own review of the cases upon which Mr. Griffin relies shows that these cases did not discuss the various defendants' constitutional rights. Because Mr. Griffin has not presented a federal claim regarding the joinder and severance of his charges, this portion of his petition cannot stand.

I also find that Mr. Griffin, in his claim regarding the trial court's admitting evidence of other crimes, has alleged no federal constitutional violation. For him to have made such an allegation, the petitioner must argue more than that the trial court violated a state rule of evidence. Indeed, " 'something worse than a garden-variety violation of the [statutory standard regarding evidence of other crimes] must be shown to cross the constitutional threshold.' " *Koo v. McBride*, 124 F.3d 869, 874–75 (7th Cir.1997) (quoting *Watkins v. Meloy*, 95 F.3d 4, 7 (7th Cir.1996)); *see also Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991) ("Nor do our habeas powers allow us to reverse [the petitioner's] conviction based on a belief that the trial judge incorrectly interpreted the California Evidence Code in ruling that the prior injury evidence was admissible as bad acts evidence in this case.").

In support of his claim that the trial court should not have allowed any evidence that Mr. Griffin committed similar crimes in Illinois, the petitioner only cites a handful of Wisconsin state cases and the state statute regarding the admission of such evidence. The crux of Mr. Griffin's argument is that Judge Kluka misapplied the state statute; he repeats several times his argument that Judge Kluka abused her discretion. The only time that Mr. Griffin mentions any constitutional argument is in the heading of this section of his brief, where he states that the trial court "deprived the defendant of due process when it admitted rebuttal evidence of two robberies." Furthermore, as with his argument regarding the severance of his charges, Mr. Griffin seems to have copied, almost word-for-word, a portion of the brief that his lawyer submitted to the Wisconsin court of appeals following his conviction. Therefore, his second claims fails to state a federal cause of action.

As mentioned above, the petitioner, in his first brief, also argued four more claims that he had not mentioned in his petition. While he discusses these last four claims in the final seven pages of his 42–page brief, he does manage to allege federal constitutional violations for each one. Specifically, he argues that he suffered a violation of his due process rights because the court did not allow him to present exculpatory evidence, and a violation of his Sixth Amendment right to confront the witnesses against him because Judge Kluka did not let him adequately cross-examine Ms. Mezera, one of the victims. He also argues that the trial court's reliance on inconsistent testimony violated his constitutional right to an impartial jury and that the photographic identification procedures used were impermissibly suggestive, in violation of the due

process clause of the Fourteenth Amendment.

### B. Petitioner's Procedural Default on Last Four Claims

■ Mr. Griffin's procedural default of his last four claims is not obvious without some discussion of the principles of exhaustion and procedural default. As alluded to above, a petitioner must have exhausted his claims in the state courts before he may go forward on his request for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 520–22, 102 S.Ct. 1198, 1204–05, 71 L.Ed.2d 379 (1982). A petitioner exhausts his claims when he has presented such claims to the highest state court for a decision on the merits, *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir.1990), or when state remedies no longer remain available to the petitioner at the time that he files the petition. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982).

■ If a federal habeas petitioner has exhausted his state remedies without " 'obtaining any decision on the merits of his federal constitutional claim because he has failed to comply with state procedural rules on how the claim must be raised,' " he has procedurally defaulted on those claims. *Mills v. Jordan*, 979 F.2d 1273, 1276 (7th Cir.1992) (quoting 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4266 (2d ed.1988)). Any issues brought before a federal court on a habeas petition must have been "fairly presented" to the state court, and "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

■ The documents attached to the respondent's answer show that the petitioner did indeed raise these four issues in state court, but only in an amended post-conviction motion, the resolution of which he did not appeal, and also in his briefs in support of his appeal of the trial court's denial of his original post-conviction motion. The Wisconsin court of appeals therefore found that it did not have jurisdiction over those issues. (Respondent's Answer, Ex. O.)

No state court remedies are available to Mr. Griffin on these issues. First, he has already brought them before the trial court in a § 974.06 motion, but he did not appeal the court's findings. The court of appeals explicitly found that it had no jurisdiction over those questions, despite Mr. Griffin's attempt to raise them in his pro se appellate brief. It is too late for him to appeal Judge Kluka's findings on the issues because the statutory time for doing so has passed. *See Wis. Stat.* § 808.04. Second, state law precludes him from raising the issues in his only remaining possible route through the state court system—a motion to vacate, set aside, or correct his sentence, pursuant to *Wis. Stat.* § 974.06. That is because case law interpreting that statute severely limits a prisoner's ability to bring such motions when he has already had his chance at the state courts:

> All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

*Wis. Stat.* § 974.06(4).

While one recent case from the Wisconsin supreme court interpreting this statute is not dispositive, its reasoning is enlightening. That case found that "original, supplemental or amended motion" in § 974.06(4) includes both direct appeals and other post-conviction motions, even for constitutional issues. *State v. Escalona–Naranjo*, 185 Wis.2d 168, 185, 517 N.W.2d 157 (1994). Noting that "[w]e need finality in our litigation," the *Escalona–Naranjo* court said that "[s]uccessive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of the legislation." *Id.*

The prisoner in that case, who was attempting to pursue a § 974.06 motion for ineffective assistance of counsel, had previously filed post-conviction motions for a new trial and re-sentencing pursuant to *Wis. Stat.* § 974.02, but had not raised the ineffective assistance claim in those motions. *Id.* at 173–75, 517 N.W.2d 157. The court said that § 974.06 precluded his filing another post-conviction motion because he knew of the facts underlying his ineffective assistance of counsel claim at the time of the filing of his § 974.02 motion and he had not alleged any sufficient reason "why a court should now entertain that same claim." *Id.* at 184, 517 N.W.2d 157; *see also Liegakos v. Cooke,* 106 F.3d 1381, 1384–85 (7th Cir.1997) (discussing § 974.06 and finding that the petitioner's failure to "advance *any* reason why the claim he now presents were withheld" from his direct appeal precluded him from arguing that "the state must entertain a collateral attack") (emphasis in original); *State v. Tolefree,* 209 Wis.2d 421, 426, 563 N.W.2d 175 (Ct.App.) (finding that because "Tolefree has offered no reason for his failure to bring these alleged errors to the trial court's attention at the time of the original postconviction motion," his claim was barred), *review denied,* 210 Wis.2d 47, 565 N.W.2d 537 (1997).

While Mr. Griffin's case is different because his mistake was a failure to appeal, the facts of his case are even more supportive of a finding that he could not raise his issues in another post-conviction motion. First, unlike Mr. Escalona–Naranjo, Mr. Griffin actually raised the issues in his second post-conviction motion. Therefore, the "finally adjudicated" portion of § 974.06 applies to him, which goes to the concerns raised by the *Escalona–Naranjo* court regarding the importance of finality. Second, also unlike Mr. Escalona–Naranjo, Mr. Griffin has already brought one § 974.06 motion. Finally, it would be impossible for Mr. Griffin to argue that he did not know of the basis for these claims, since he had already raised them before Judge Kluka. Because Mr. Griffin has "finally adjudicated" these claims and because he has not alleged any "sufficient reason" for not timely appealing these four issues to the court of appeals, it is very unlikely that any state court would allow him to try to raise these issues in

another post-conviction motion. Accordingly, he has exhausted his state court remedies.

Because the Wisconsin Supreme Court never had, and never will have, the chance to reach the merits of Mr. Griffin's four claims due to his failure to appeal, he has procedurally defaulted on those claims. *See Cawley v. DeTella,* 71 F.3d 691, 693 (7th Cir.1995) ("A federal habeas petitioner must also show that he raised the claims being made on habeas during the state proceedings and that he gave the highest state court an opportunity to address these claims."); *see also Aliwoli v. Gilmore,* 127 F.3d, 632, 634 (7th Cir.1997) (stating that the doctrine of procedural default "applies to bar consideration of any of a petitioner's federal claims which a state court declined to address because the prisoner failed to meet a state procedural requirement").

Therefore, there are only two ways that this court could reach the merits of Mr. Griffin's claims: (1) if the state procedural rule under which Mr. Griffin's claim was barred is one that does not supply an "independent and adequate ground of decision," or (2) if he shows either that there is cause and prejudice for his default or that he would suffer a fundamental miscarriage of justice upon the court's refusal to hear the claims. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2564–65, 115 L.Ed.2d 640 (1991); *see also Liegakos v. Cooke,* 106 F.3d 1381, 1385 (7th Cir.1997) (finding that the habeas petitioner had procedurally defaulted, but because the rule under which the petitioner forfeited his claim was not an independent and adequate ground of decision, the court would not engage in the cause and prejudice analysis and instead would address the merits). Neither of these standards apply to Mr. Griffin.

■ I find that the state court of appeals' finding was an independent and adequate state ground that bars habeas corpus review. First, the state court's rejection of his claims were based on independent state law. "For a state procedural ground to bar review, the state court actually *must have relied upon the procedural bar* as an independent basis for its disposition of the case." *Willis v.*

*Aiken,* 8 F.3d 556, 561 (7th Cir.1993) (emphasis added). In *Willis,* the court gave an example of the Indiana court of appeals following Indiana's contemporaneous objection rule and declining to hear an appeal because the party had failed to object. The court said that this decision would have rested "on a state law ground that is both 'independent of the federal question and adequate to support the judgment.'" 8 F.3d at 561 (quoting *Coleman,* 501 U.S. at 729, 111 S.Ct. at 2553)); *see Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir.) ("[F]ailure to present a claim at the time, and in the way, required by the state in an independent state ground of decision, barring review in federal court."), *modified on other grounds,* 79 F.3d 578 (1996).

As noted above, the Wisconsin court of appeals expressly declined to hear the four claims at issue because Mr. Griffin had failed to appeal the trial court's findings on these claims. The court of appeals based this finding solely on state law regarding the court's jurisdiction over matters not properly appealed. *See Wis. Stat.* § 808.04 (setting forth the time that a party has to appeal a final judgment to the court of appeals); *Wainwright v. Wainwright,* 176 Wis.2d 246, 250, 500 N.W.2d 343 (Ct.App.1993) (stating that a party's failure to appeal within the time set forth by § 808.04 "deprives this court of jurisdiction"). It was within the court of appeals' discretion to abstain from hearing the improperly-raised issues. *See In re Baby Girl K.,* 113 Wis.2d 429, 448, 335 N.W.2d 846 (1983) ("Consideration of a constitutional issue raised for the first time on appeal is discretionary with this court and will be done if it is in the best interests of justice to do so, if both parties have had the opportunity to brief the issue and if there are no factual issues that need resolution.") (internal citations and quotations omitted).

Second, the state court's finding was adequate. Whether a procedural rule is adequate is really question of whether the state court had the authority to apply it and, if so, whether the court applied it consistently. A state court's finding regarding a procedural rule "is not adequate to prevent federal collateral review when the defendant could not be 'deemed to have been apprised of its existence' at the time he omitted the procedural step in question." *See Liegakos,* 106 F.3d at 1385 (quoting *NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 457, 78 S.Ct. 1163, 1169, 2 L.Ed.2d 1488 (1958)); *see James v. Kentucky,* 466 U.S. 341, 349, 104 S.Ct. 1830, 1835–36, 80 L.Ed.2d 346 (1984) (stating that for a state procedural rule to be "adequate," it must be "firmly established and regularly followed").

Mr. Griffin makes no contention that the Wisconsin courts do not strictly and consistently follow the rule that the Wisconsin court of appeals applied in his case—that an appellant must timely file an appeal or the appellate court will not decide the issues that would have been raised in that appeal. Furthermore, as the state statute and cases cited above show, this was a rule that was in existence before Mr. Griffin failed to appeal Judge Kluka's decisions on these issues. The state procedural rule, in other words, was not established by the state *after* Mr. Griffin took his appeal from his § 974.06 motion. Finally, there is no evidence that appellate courts in Wisconsin inconsistently follow the rule by indiscriminately hearing issues that have not been properly preserved for appeal.

■ I also find that Mr. Griffin cannot get around his procedural default by arguing "cause and prejudice." He has not alleged any reason for his having failed to appeal the issues or that he has suffered any prejudice from the failure. As mentioned above, his entire argument to this court consists of why the trial court's errors violated his constitutional rights. Nowhere does he address the procedural default. His silence alone is sufficient to support my finding. *See Moleterno v. Nelson,* 114 F.3d 629, 635 (stating that the petitioner alleged "no reason" to establish "cause" and therefore engaging in no further analysis); *see also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986) ("[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."). I need not address the "prejudice" standard

because Mr. Griffin lacks cause. *See McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 1471–72, 113 L.Ed.2d 517 (1991).

 Even if a petitioner has not met the "cause and prejudice" standard, the court may address the merits of a petition if not doing so would be a "fundamental miscarriage of justice." *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). There is a fundamental miscarriage of justice when "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470. In order to satisfy this standard, in other words, the petitioner must show that he is "actually innocent." *Schlup v. Delo,* 513 U.S. 298, 312–18, 115 S.Ct. 851, 860–62, 130 L.Ed.2d 808 (1995); *Sawyer,* 505 U.S. at 339, 112 S.Ct. at 2518–19. Mr. Griffin, however, in the few pages that he has devoted to these issues, has not argued that he is actually innocent of the crimes of which he is convicted. It is not up to this court to make this argument for him. Therefore, he has not proved that there would be a miscarriage of justice if this court refused to address the merits of his claim. *See Moleterno,* 114 F.3d at 636 (holding that because the petitioner made no argument that he was actually innocent of the crimes committed, the exception did not apply).

In conclusion, Mr. Griffin has raised six claims in this court. I will dismiss the first two, regarding the trial court's misjoinder of the criminal counts and the admission of evidence of other crimes, because Mr. Griffin failed to allege that these errors were a violation of his federal constitutional or statutory rights. I will dismiss the last four, regarding the suppression of evidence, his cross-examination of Ms. Mezera, the inconsistent testimony, and the photographic identification procedures, because Mr. Griffin has procedurally defaulted on those claims. Specifically, he did not timely appeal those issues to the Wisconsin court of appeals, which declined to hear the issues for that very reason. The court of appeals' finding was an independent and adequate state ground of decision. Furthermore, Mr. Griffin has not alleged

that there is "cause and prejudice" or that he is "actually innocent."

Therefore, IT IS ORDERED that Mr. Griffin's petition for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to enter judgment, dismissing this action.