**Lana KOTENKO, Petitioner–Appellant,**

v.

**Augustus SCOTT, Jr., Warden of Lincoln Correctional Center, Respondent–Appellee.**

**No. 01–2185.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 2001.

Decided Nov. 27, 2001.

Before Hon. BAUER, Hon. POSNER, and Hon. RIPPLE, Circuit Judges.

## ORDER

In May of 1995, Lana Kotenko was tried and convicted by an Illinois jury of solicita-tion of murder for hire and sentenced to twenty years in prison. She appealed her conviction to the Appellate Court of Illinois for the First Judicial District on three grounds, only two of which concern us: improper admission of certain tape record-ings and ineffective assistance of counsel.[1] The Illinois Appellate Court affirmed the conviction, finding that Kotenko voluntari-ly waived her right to challenge the tapes' introduction and that counsel's perfor-mance was not so deficient as to be ineffec-tive. She then sought leave to appeal to the Illinois Supreme Court, which was de-nied. On September 27, 2000, Kotenko filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in United States District Court for the Northern District of Illinois. The district court, us-ing the appropriate standards of limited federal review, found that: (1) the Illinois Appellate Court's decision that the eviden-tiary claim was waived rested on indepen-dent and adequate state grounds; and (2) counsel's performance at trial was not inef-fective in violation of the Sixth Amend-ment and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court denied the peti-tion on March 13, 2001. Kotenko then requested a certificate of appealability on April 9, 2001, which was granted, and filed a timely notice of appeal on May 8, 2001. For the reasons stated below, we affirm the ruling of the district court.

"In reviewing the state court proceed-ings, we presume that the factual findings are correct if those findings are made after a hearing on the merits and are fairly supported by the record." *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir.1996). We

---

1. Kotenko also challenged the state trial court's refusal to instruct the jury on the lesser charge of solicitation of battery. How-ever, she did not raise this issue before the district court, and we cannot entertain the argument for the first time on appeal. *Schaff v. Snyder*, 190 F.3d 513, 530 n. 18 (7th Cir. 1999) ("Mr. Schaff's claim that his trial coun-sel was ineffective because he called only one witness is raised for the first time in this court and clearly is waived.").

review the factual findings of the district court for clear error, and the legal conclusions *de novo.* *Id.* In order for a petitioner to obtain a writ of habeas corpus under 28 U.S.C. § 2254(d), the petitioner must demonstrate that the state court adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## A. Improperly Admitted Evidence

██ Kotenko argues that two audio tapes of her soliciting murder for hire were admitted into evidence in violation of the Illinois Eavesdropping Statute. *See* 720 ILL. COMP. STAT. 5/14–1 (2000). Kotenko argues that the admission of these tapes violated her Fifth Amendment right against self-incrimination. However, at trial, Kotenko waived these rights and her attorney sought the admission of the audio tapes as part of a strategy to demonstrate either that she lacked the intent to hire someone to murder her ex-boyfriend, or that she was entrapped. On state law procedural grounds, the Illinois Appellate Court held that she waived this claim. Thus, the district court properly concluded that Kotenko's procedural default on this claim rested upon independent and adequate state grounds. *See Coleman v. Thompson,* 501 U.S. 722, 730–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("Without the [independent and adequate state grounds] rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing

its laws."); *Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir.1997) ("'Forfeiture under § 2254 is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.'") (quoting *Hogan v. McBride,* 74 F.3d 144, 146, *as modified,* 79 F.3d 578 (7th Cir.1996)). Moreover, Kotenko cannot demonstrate that this procedural default is excused by a showing of cause and prejudice, or that failure to review would result in a fundamental miscarriage of justice. *Howard v. O'Sullivan,* 185 F.3d 721, 726 (7th Cir. 1999).

## B. Ineffective Assistance of Counsel

██ Kotenko's argument that the tapes were improperly admitted is part of her argument that her counsel was ineffective. Kotenko argues that counsel was ineffective primarily for moving that the two tapes be admitted into evidence over the prosecution's objections. To succeed on this claim, Kotenko would need to demonstrate that her counsel's performance was deficient and that this deficient performance prejudiced her case. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The Illinois Appellate Court applied the Sixth Amendment standard set forth in *Strickland,* and found that the decision to introduce the tapes was a reasonable trial strategy. From the record and prior rulings, it appears that Kotenko's counsel did the best with, what Illinois Appellate Court called, a case with "impressive evidence" against Kotenko. In addition to the two tapes Kotenko's counsel had admitted, there were two prosecution witnesses, other tapes (which had been obtained by judicial authorization), and Kotenko's own post-arrest confession, all of which established that she attempted to hire someone to murder her ex-boyfriend. Kotenko's counsel sought an instruction on solicita-

tion to commit battery, and tried to use the tapes to show the prosecution witnesses coaxed Kotenko into attempting to hire someone to murder her ex-boyfriend. This seemed to be the best strategy available considering the evidence, and was not a deficient performance under *Strickland. See United States v. Pergler*, 233 F.3d 1005, 1010 (7th Cir.2000) ("When evaluating an attorney's performance, we presume that her conduct 'falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'") (citations omitted). Moreover, our review here is for unreasonable or contrary application of clearly established federal law, as determined by the Supreme Court, by the Illinois Appellate Court. We conclude that the Illinois Appellate Court properly applied federal law and counsel's performance was not deficient in violation of *Strickland*.

## C. Other Claims

Kotenko also attacks her counsel's strategy on other grounds, stating that the admission of the tapes, in effect, improperly waived her rights, without her knowledge and consent, against self-incrimination and her decision not to testify. This claim was not raised in the district court, and cannot be raised for the first time on appeal to this court. *Schaff*, 190 F.3d at 530 n. 18. Kotenko also argues that counsel was ineffective on the theory that her Sixth Amendment right was violated because her attorney refused to permit her to testify at trial. This argument was not raised before the Illinois Appellate Court and is procedurally barred by 28 U.S.C.

§ 2254(b)(1)(A). *Howard*, 185 F.3d at 725; *Bocian*, 101 F.3d at 468–69.

Because we find that the district court properly denied Kotenko's habeas petition, we AFFIRM.